UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL RODRIGUEZ, | CASE NO. 1:09-cv-01784-AWI-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| ISAAC, et al., | AMENDED COMPLAINT DUE AUGUST 15, 2011 |
| Defendants. | |

# **SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On October 9, 2009, Plaintiff Noel Rodriguez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's Complaint is before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

1  relief may be granted, or that seek monetary relief from a defendant who is immune from
2  such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion
3  thereof, that may have been paid, the court shall dismiss the case at any time if the court
4  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
5  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6        A complaint must contain "a short and plain statement of the claim showing that the
7  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are
8  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
9  mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949
10 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set
11 forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its
12 face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility
13 demands more than the mere possibility that a defendant committed misconduct and, while
14 factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

15 **III.    PLAINTIFF'S CLAIMS**

16       Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,
17 or immunities secured by the Constitution and laws' of the United States."  Wilder v.
18 Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983
19 is not itself a source of substantive rights, but merely provides a method for vindicating
20 federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

21       To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that
22 a right secured by the Constitution or laws of the United States was violated and (2) that
23 the alleged violation was committed by a person acting under the color of state law.  See
24 West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245
25 (9th Cir. 1987).

26       The events that gave rise to this Complaint took place at Corcoran State Prison.

27

28

The Court discerns[1] the following individuals to be named defendants in this action: Ken Clark, Warden; Isaac, SHU Counselor for Committee; S. Sherman, Committee Chairperson; J. Lawrence, Assistant C&PR, Committee Member; John Doe, Facility Captain; and an unknown number of additional Yard Staff John Does, including Yard Captains, Lieutenants, Sergeants, and Gun-tower guards.

Plaintiff alleges the following:

In August 2008, the Committee placed him in a yard populated with members of the Southern Hispanic prison gang. (Compl. at 3). He requested assignment to a yard separate and apart from these gang members. Plaintiff has a documented record of violence with Southern Hispanics. (Compl. at 4, 11). Defendant Isaac acknowledged that Plaintiff's life was in danger in a yard with Southern Hispanics and offered him placement in protective custody. (Compl. at 12) Plaintiff refused protective custody. (Id.)

On June 1, 2009, Plaintiff was stabbed more than twelve times in the face and chest by two members of the Southern Hispanics. Plaintiff suffered a punctured lung and contusions to the head. The attack lasted twenty to thirty seconds and took place on the basketball court. (Compl. at 3, 5, 12). Prison policy for the yard where the attack took place requires inmates to pass through a metal detector and submit to both strip and pat-down searches before entering the yard. (Compl. at 6).

Plaintiff has filed appeals with prison officials requesting an investigation of Defendants Counselor Isaac and Warden Clark. The Defendants have not responded to the appeals, and prison officials will not produce the records of his attack. (Compl. at 4).

The Complaint alleges that the Defendants violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment in several ways. First, he complains that Defendant Isaac offered Plaintiff protective custody as the only alternative to being assigned to the yard with Southern Hispanics. (Compl. at 5). Second, he claims that

---

[1] Plaintiff is inconsistent in the use of names, titles, and punctuation when identifying Defendants in the Complaint. The Defendants listed in this Screening Order reflect the Court's best efforts at comprehending the pleading and reconciling the inconsistencies.

Defendants who were working on the yard did not adequately search inmates before they entered the yard. (Compl. at 6). Third, John Does, Gun-tower Guards, did not take action to protect Plaintiff as he was being attacked. (Compl. at 6). Lastly, he alleges that the Cruel and Unusual Punishment clause requires the unknown guards to provide Plaintiff with adequate safety by either securing the yard or providing Plaintiff with weapons and training. (Compl. at 6). Plaintiff also alleges that Defendants Counselor Isaac and Warden Clark have denied him Due Process by refusing to respond to his inmate appeals. (Compl. at 3). The Court will address the merits of each claim below.

### A. Section 1983 Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff does not mention how S. Sherman, Committee Chairperson, J. Lawrence, Assistant C&PR, Committee Member, or John Doe, Facility Captain, personally acted to violate his constitutional rights. There are no factual allegations that connect these

1 Defendants with alleged violations.  The Court will grant Plaintiff leave to amend his
2 complaint to state a claim against these Defendants.  To do so he needs to set forth
3 sufficient truthful facts showing that each <u>personally</u> took some action that violated his
4 constitutional rights.  Mere supervision of individuals responsible for a violation is not
5 enough.

### B.     John Doe

"John Doe" defendant liability also must be properly alleged.  A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," or otherwise distinguish each defendant, e.g., "Yard Captain John Doe," so that every John Doe refers to a different specific person.  Plaintiff also must identify how each such named defendant, including those named as Doe, is liable for a constitutional violation. <u>Dempsey v. Schwarzenegger</u>, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); <u>Schrubb v. Tilton</u>, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

Plaintiff refers to all of the John Doe Defendants, with the exception of John Doe, Facility Captain, in both the singular and plural form.  Based on this, the Court is unable to determine to whom Plaintiff is attributing each act. For example, Plaintiff initially referred to the following Defendants: Yard Captain, Yard Lieutenant, Yard Sergeant, and Gun-tower Guard.  (Compl. at 1, 3).   He then went  on to describe actions taken by more than one Yard Captain, Lieutenant, Sergeant, and Gun-tower Guard: "[t]he prison guards, yard guards, Sergeants, lieutenants and Captains of the Yard . . .", Compl. at 6, and "Gun tower Guards . . . ." (Compl. at 5). Because of such inconsistency in referring to the John Doe Defendants, the Court cannot determine who is intended to be a named Defendant and how each is alleged to have violated Plaintiff's rights.

In order to give Plaintiff an opportunity to link these Doe Defendants to the alleged acts or omissions that violated Plaintiff's federal rights, the Court shall grant Plaintiff leave to amend.  In his amended complaint, Plaintiff shall either name the defendants involved or list the number of Doe defendants involved.  If Plaintiff can only list these defendants

as John Doe, Plaintiff should allege specific acts attributed to each of these Doe defendants, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." <u>Alexander v. Tilton</u>, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

**C.    Eighth Amendment**

Plaintiff alleges that his Eighth Amendment rights were violated when Defendants released him onto the prison yard with known enemies and then failed to intervene before he was severely injured.

The Eighth Amendment protects prisoners from "cruel and unusual punishment." U.S. Const. amend. VIII. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. <u>Id.</u>; <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982).

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. <u>Hoptowit</u>, 682 F.2d at 1250-51; <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmate's safety. <u>Farmer</u>, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." <u>Id.</u> at 834 (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety . . . ." <u>Id.</u> at 837.

Plaintiff alleges that before he was attacked he warned, and Defendant Isaac acknowledged, that he was at risk for attack; he then was attacked and seriously injured by those who he and Isaac feared would attack him. (Compl. at 11 and 12). It appears Plaintiff was assigned to the yard at issue in August 2008. (Compl. at 3). The attack did not occur until June 1, 2009. (Id.) Plaintiff interacted with Southern Hispanics for almost

a year without incident. That fact in and of itself creates a question as to whether that assignment posed unreasonable risk to Plaintiff. If, on amendment, Plaintiff can explain how the condition lasted so long without attack and still constituted an unreasonable risk, the Court will find that these allegations, taken as true at this point of the proceedings, reflect a sufficiently serious deprivation of Plaintiff's right to be free from physical harm as to satisfy the objective prong of the deliberate indifference standard. Jameson v. Rawers, 2011 WL 862739, *5 (E.D. Cal. Mar. 9, 2011).

Additionally, Plaintiff has failed to allege sufficient facts to show that any particular Defendant knew of **and disregarded** an excessive risk to his health or safety.[2] Although Defendant Isaac knew of the risk to Plaintiff's safety, he offered Plaintiff protective custody as protection from the risk; he cannot be said to have disregard it. (Compl. at 11, 12). Plaintiff refused that protection. He alleges nothing to indicate that Isaac's offer of that option in lieu of another reflects deliberate indifference.

Since the Court cannot rule out the possibility Plaintiff could state a claim for failure to protect, it will grant him leave to amend this claim. If Plaintiff chooses to amend this claim, he should focus on explaining why Defendant Isaac's response showed deliberate indifference. The inquiry into causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omission are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

There are facts alleged in the Complaint that indicate Plaintiff may have a cognizable Eighth Amendment claim against at least some of the Doe Defendants. See Keel v. A. Hedgpeth, 2009 WL 321333, *3 (E.D. Cal. Feb. 9, 2009) (cognizable claim where plaintiff alleged that gun tower guard witnessed attack, but did nothing to protect

---

[2] Plaintiff requested that the Court conduct an *in camera* Olsen Review of his medical and central files and interview the Defendants to uncover evidence proving both elements of the Eighth Amendment analysis. (Compl. at 5). Granting such a request at this stage is improper and unnecessary. First, the Court has not yet opened discovery in this case and will not do so until such time as it has determined that the Complaint states a cognizable claim for relief and the defendants have been served. Larson v. Neubarth, 2007 WL 137151, *1 (E.D. Cal. Jan. 17, 2007). Second, Plaintiff does not need a Court order to conduct an Olsen review. An institutional procedure exists for inmates to review their file. Id.

-7-

plaintiff and stop the attack). However, the Court cannot examine the merits of Plaintiff's remaining allegations[3] against John Doe Defendants until those Defendants are properly identified and distinguishable. Dempsey, 2010 WL at *2; Schrubb, 2009 WL at *2.

### D. Due Process

Plaintiff alleges that Defendants Clark and Isaac violated his Due Process rights in not responding to his repeated inmate 602 appeal. (Compl. at 3). The Complaint fails to state a cognizable Due Process claim.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in Ramirez v. Galarza, 334 F.3d 850 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure. 334 F.3d at 860. Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a grievance procedure.

Plaintiff has a First Amendment right to file prison grievances but does not have a right to any particular response. Johnson v. Subia, 20010 WL 3767732, *2 n. 3 (E.D. Cal. Sept. 22, 2010). Because a response to Plaintiff's 602 appeal does not implicate a liberty

---

[3] Claims against unknown John Does alleging Eight Amendment violations on the basis of (1) Yard Staff not adequately searching inmates, (2) failure of a single guard or multiple guards to stop attack, and (3) guards not either securing the yard or, in the alternative, providing Plaintiff with weapons and self-defense training.

interest, Plaintiff cannot state a cognizable Due Process claim on this basis. If Plaintiff chooses to file an amended complaint, he would be well served focusing his efforts on his Eighth Amendment claims.

## IV.     **CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged wrongful acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is hereby ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint filed October 9, 2009;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint by **August 15, 2011**; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated: July 11, 2011            /s/ *Michael J. Seng*
ci4d6                           UNITED STATES MAGISTRATE JUDGE