# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL RODRIGUEZ,<br>        Plaintiff,<br>    v.<br>ISAAC, et al.<br>        Defendants | CASE NO.   1:09-CV-1784-AWI-MJS (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 25) |

**I.   PROCEDURAL HISTORY**

On October 9, 2009, Plaintiff Noel Rodriguez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Court issued an Order Dismissing Complaint on July 12, 2011 for failure to state a cognizable claim. (Doc. 21.) Plaintiff was granted leave to amend and filed his First Amended Complaint on August 1, 2011. (Doc. 22.)  The Court issued an Order Dismissing First Amended Complaint on October 19, 2011 for failure to state a cognizable claim. (Doc. 23.) Plaintiff was granted leave to amend and filed his Second Amended Complaint on November 2, 2011, (Doc. 24.)  It has not yet been screened by the Court.

Before the Court is Plaintiff's February 27, 2012 Motion for Leave to File an Amended Complaint. (ECF No. 25.)

## II. ANALYSIS

Plaintiff seeks leave to file an amended complaint to correct the relief requested to include nominal and compensatory damages.

In the case of a motion for an amended pleading, under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court, or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(a).

"Rule 15(a) is liberal and leave to amend shall be given when justice so requires. Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed.R.Civ.P. 15(a)). "In determining whether to grant leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. Bolbol v. City of Daly City, 754 F.Supp.2d 1095, 1119 (N.D.Cal. 2010) (citing Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004)).

Plaintiff's presently operative Second Amended Complaint has not been screened, and no responsive pleading or motion has been filed in this matter. There is no suggestion of bad faith, delay, prejudice to Defendants, or futility of amendment. Prior amendments have been with leave of the Court pursuant to screening order. The requested amendment will allow Plaintiff to seek relief not included in the Second Amended Complaint. Upon consideration of the foregoing, the Court finds good cause to grant the relief sought.

Amended pleadings must be complete within themselves without reference to another pleading. Partial amendments are not permissible. Local Rules for the U.S.D.C. Eastern District, Rule 220. Any pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

(2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

The opportunity to amend it is not for the purposes of adding new defendants or claims except as specifically allowed by this order.

### III.     ORDER

Good cause having been presented to the Court, IT IS HEREBY ORDERED that:

1. Plaintiff's February 27, 2012 Motion to File an Amended Complaint, is GRANTED.
2. Plaintiff's Third Amended Complaint is due within thirty (30) days from the date of service of this Order.
3. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:09-CV-1784-AWI-MJS (PC); and
4. If Plaintiff fails to comply with this order, this action will be dismissed.

IT IS SO ORDERED.

Dated:   February 29, 2012          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE