UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL RODRIGUEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ISSAC, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-CV-01784-AWI-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO STATE A CLAIM<br><br>(EFC NO. 23, 26)<br><br>PLAINTIFF MUST SHOW CAUSE OR FILE AMENDED COMPLAINT BY MAY 11, 2012 |

　　　On October 9, 2009, Plaintiff Noel Rodriguez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

　　　The Court screened and dismissed the Complaint for failure to state a claim(Order Dismiss Compl., ECF No. 21) and the First Amended Complaint on the same ground (Order Dismiss First Am. Compl., ECF No. 23). Plaintiff filed a Second

Amended Complaint (Second Am. Compl., ECF No. 24) and prior to screening requested leave of the Court to file a third amended complaint (Mot. Leave File Am. Compl., ECF No. 25) which the Court granted on condition that Plaintiff file his third amended complaint by March 30, 2012. (Order Granting Mot., ECF No. 26.) Plaintiff did not file an amended complaint or request an extension by the March 30, 2012 deadline.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

The Court cannot allow this case to languish on its docket without an operative complaint. Accordingly, not later than May 11, 2012, Plaintiff shall file an amended complaint or show cause as to why his case should not be dismissed for failure to comply with a court order and failure to state a claim.

////////

////////

**Plaintiff is hereby on notice that failure to meet this deadline will result in a recommendation that this action be dismissed with prejudice subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u>, 658 F.3d 1090 (9th Cir. 2011).**

IT IS SO ORDERED.

Dated:   April 25, 2012                                  /s/ *Michael J. Seng*
                                                                    UNITED STATES MAGISTRATE JUDGE