UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL RODRIGUEZ, | 1:09-CV-01784-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM SUBJECT TO 28 U.S.C. § 1915(g) |
| v. | |
| ISAAC, et al., | (ECF NO. 29) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

I.     **PROCEDURAL HISTORY**

On October 9, 2009, Plaintiff Noel Rodriguez, a state prisoner proceeding pro se and in forma pauperis filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

The Court screened and dismissed the Complaint for failure to state a claim (Order Dismiss Compl., ECF No. 21) and the First Amended Complaint on the same ground. (Order Dismiss First Am. Compl., ECF No. 23.)

Plaintiff filed a Second Amended Complaint (Second Am. Compl., ECF No. 24) and prior to screening requested leave of the Court to file a third amended complaint (Mot. Leave File Am. Compl., ECF No. 25) which the Court granted (Order Granting Mot., ECF No. 26.)

1    Plaintiff filed his Third Amended Complaint (Third Am. Compl., ECF No. 29)
2 which is now before the Court for screening.

3 **II.    SCREENING REQUIREMENT**

4    The Court is required to screen complaints brought by prisoners seeking relief
5 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
6 § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has
7 raised claims that are legally "frivolous, malicious," or that fail to state a claim upon
8 which relief may be granted, or that seek monetary relief from a defendant who is
9 immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or
10 any portion thereof, that may have been paid, the court shall dismiss the case at any
11 time if the court determines that . . . the action or appeal . . . fails to state a claim upon
12 which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

13    Section 1983 "provides a cause of action for the 'deprivation of any rights,
14 privileges, or immunities secured by the Constitution and laws' of the United States."
15 Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).
16 Section 1983 is not itself a source of substantive rights, but merely provides a method
17 for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386,
18 393–94 (1989).

19 **III.   SUMMARY OF COMPLAINT**

20    Defendants, named as Doe Gun Tower Guards and Doe Yard Guards at the
21 Corcoran Substance Abuse Treatment Facility ("CSATF"), failed to protect Plaintiff
22 during a June 1, 2009 attack by two other inmates in the C-Yard by failing to use their
23 weapons to stop the attack, and in the case of Defendant Yard Sergeant Does also by
24 failing to order the use of necessary force to stop the attack, violating Plaintiff's Eighth
25 Amendment rights. (Third Am. Compl. at 4-5.)

26    Plaintiff was attacked for approximately thirty seconds; prison officials yelled
27 approximately ten times for the attackers to stop; the attackers then stopped the attack,
28 lay down on the ground and were cuffed by prison officials. (Id.)

Plaintiff names as Defendants (1) Gun Tower Guards Does 1-5, (2) Yard Guards Does 6-8, (3) Yard Sergeants Does 9-10. (Id. at 5-6.)

Plaintiff seeks monetary compensation. (Id. at 7.)

## IV.     ANALYSIS

### A.     Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B.     Failure to Protect

Plaintiff alleges Defendants failed to use their weapons and necessary force to protect him from attack by other inmates violating his Eighth Amendment rights.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at

832–33; see also Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998)."[T]he official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837

Plaintiff's Third Amended Complaint alleges that Defendants were present at the C-Yard during the attack; unidentified prison officials yelled "more or less 10 times for the attackers to stop"; the attackers then "stop[ped] attacking Plaintiff . . . laid down on the ground . . . [and] prison officials handcuff[ed] [them] . . . ."[1]

Plaintiff again fails to allege facts plausibly claiming that Defendants were aware of a substantial risk to Plaintiff from the attack and then were deliberately indifferent to the attack. Nothing before the Court suggests that Defendants were aware of substantial risk of serious harm presented by the attack and that the intervening response by prison officials (who stopped the attack within 30 seconds after it started) was not reasonably sufficient, such that Defendants "effectively condone[d]" the attack. Hill v. Godinez, 955 F.Supp. 945, 949 (N.D. Ill. 1997). A merely negligent failure to discover or respond to the attack does not support a deliberate indifference claim. Watts v. Laurent, 774 F.2d 168, 172 (7th Cir. 1985).

The evidence does not support a gladiator-like scenario as seen in Robinson v. Prunty, 249 F.3d 862, 867 (9th Cir. 2001) where prison guards knowingly released inmate onto the exercise yard with hostile inmates and watched the fighting between plaintiff and another inmate for five minutes before intervening.

Plaintiff has failed to allege sufficient facts plausibly claiming that Defendants' alleged failure to act was due to deliberate indifference. See Keel v. A. Hedgpeth, 2009 WL 321333 *3 (E.D. Cal., February 09, 2009) (deliberate indifference may be present where the facts show a guard watches an attack, was aware of the risks presented by the attack and then did nothing, firing no shots and waiting for the attack to stop).

Additionally, the Court upon screening the First Amended Complaint advised

---

[1] Compl. at 4-5.

Plaintiff that his failure to protect claim against the Defendants violated Fed.R.Civ.P. 11 by alleging contradictory statements, i.e., that Defendants both waited to act until the attack was over, and acted to break up the attack.[2] (Order Dismiss First Am. Compl. at 13.) The Court ordered that any amended pleading must "cogently explain this inconsistency or this action will be stricken from the record . . . ." (Id.)

Plaintiff's Third Amended Complaint fails to address and explain this inconsistency; Plaintiff's reference to unidentified "prison officials" as responsible for stopping the attack is not a sufficient explanation.

Plaintiff has twice before been advised of the deficiencies in his pleading and given an opportunity to correct them. The Court can see no point in granting yet another opportunity to correct the same deficiencies. Leave to amend would be futile.[3]

## V.    CONCLUSION AND RECOMMENDATION

Plaintiff's Third Amended Complaint fails to allege facts stating any plausible civil rights claim under § 1983. For the reasons stated leave to amend would be futile.

Accordingly, it is RECOMMENDED that this matter be DISMISSED WITH PREJUDICE by the District Judge and that dismissal count as a strike under 28 U.S.C. § 1915(g). These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure

---

[2] Federal Rule of Civil Procedure 11 provides that "By presenting to the court a pleading . . . an unrepresented party certifies that . . . the claims . . . are warranted . . . [and] the factual contentions have evidentiary support . . . ."

[3] Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Futility is a valid reason for denying leave to amend. In re K-tel Intern., Inc. Securities Litigation, 300 F.3d 881, 899-900 (8th Cir. 2002).

to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  May 23, 2012                                 /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE