UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL RODRIGUEZ, | CASE NO. 1:09-cv-01784-AWI-MJS (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR TRANSCRIPTS AT GOVERNMENT EXPENSE |
| v. | |
| ISAAC, et al., | (ECF No. 40) |
| Defendants. | |

I. **PROCEDURAL HISTORY**

On October 9, 2009, Plaintiff Noel Rodriguez, a state prisoner proceeding *pro se* and *in forma pauperis* filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On May 23, 2012, the assigned Magistrate Judge issued Findings and Recommendations for Dismissal of the Action with Prejudice for Failure to State a Claim. (ECF No. 31.) On August 6, 2012, the assigned District Judge issued an order adopting the May 23, 2012 Findings and Recommendations for Dismissal of Plaintiff's action (ECF No. 33) and entered Judgment thereon. (ECF No. 34.) On August 30, 2012,

Plaintiff filed Notice of Appeal of the Judgment of dismissal. (ECF No. 35.) On August 31, 2012, the Clerk for the U.S. District Court for the Eastern District filed a copy of the Notice of Appeal[1] and certified that the record on appeal is available in the office of the Clerk and will be transmitted to the Court of Appeals upon direction of the Clerk of the Court of Appeals. (ECF No. 37.) On September 17, 2012, Plaintiff filed a Motion for Transcripts at Government Expense (ECF No. 40).  That motion is ow before the Court.

## II.  **ANALYSIS**

Plaintiff requests the District Court Clerk provide him with the transcript designation form so he can provide the Court of Appeals with a copy of all transcripts and relevant records.  Plaintiff notes he is indigent and can not purchase a copy of the records.

A litigant who has been granted *in forma pauperis* status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir. 1991). Two statutes must be considered whenever the District Court receives a request to prepare transcripts at the government's expense.

First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the Court can direct the government to pay for transcripts for a litigant proceeding *in forma pauperis*.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b),

---

[1] 9th Cir. Case No. 12-16941.

the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a substantial question. Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984).

Here, neither the District Court nor the Court of Appeals has required the record on appeal. Based on Plaintiff's notice of appeal, the Court finds that the appeal does not present a substantial question. See U.S. v. Frost, 344 F.Supp.2d 206, 208 (D.Me. 2004) (party's indigent status, without more is insufficient to establish entitlement to transcript at government expense for purposes of appeal where he failed to specify grounds for appeal sufficient to assess need for transcript).

-3-

Plaintiff is notified that the Court of Appeals has access to the District Court's file in this case and will request any necessary documents in the record directly from this Court. As noted above, the District Court Clerk has certified the record on appeal is available.

If Plaintiff desires a copy of the certification of record from the docket or documents contained in the record, he may request same from the District Court Clerk at $0.50 per page.

### III.  **CONCLUSION AND ORDER**

Based on the foregoing, Plaintiff's Motion for Transcripts at government expense (ECF No. 40) is DENIED. Plaintiff may renew his request for a transcript at government expense with the Court of Appeals by filing a motion there if he wishes.

IT IS SO ORDERED.

Dated:   September 20, 2012            /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE